h GUIDRY, J.,
dissenting.
I disagree with the majority opinion finding the plaintiffs’ claims are not cognizable under the Louisiana Malpractice Liability for State Services Act, La.R.S. 40:1299.39, et seq. A review of the plaintiffs’ supplemental and amending petition reveals that the claims asserted by the plaintiffs are for the negligent hiring, continued employment and failure to discharge Dr. Prentiss Smith. Specifically, the plaintiffs allege that Dr. Smith has presented a history of providing substandard care both prior to and' during his employment at the defendant hospital. Furthermore, the plaintiffs assert that the defendant hospital had knowledge of Dr. Smith’s alleged practice of providing substandard care, yet nonetheless, hired, continued to employ and failed to termi *465 nate his employment in light of this information and continuing occurrences. Plaintiffs also assert that Dr. Smith’s treatment of the deceased was akin to the substandard care previously performed by Dr. Smith on previous occasions, all of which the defendant hospital had knowledge.
Although the focus of the majority’s opinion limits the alleged wrongdoing by the defendant hospital to a time “pre-dat-ing” the medical care, treatment and confinement of the deceased, the plaintiffs’ assertions, as found in the supplemental and amending petition, encompass a time inclusive of the date of medical care, ^treatment and confinement. In essence, the plaintiffs assert that the deceased was injured by the “employment” of Dr. Smith, which is inclusive of not only the hiring of Dr. Smith, but his continued employment up to the date of discharge. As such, the hospital’s acts of hiring, continuing to employ, and failing to discharge Dr. Smith directly involved and impacted the provision of health care afforded Mr. Williams during his medical care, treatment or confinement, thereby invoking the provisions of the state malpractice act.
Therefore, in accordance with the law of this circuit, as articulated in Armand v. State, Department of Health and Human Services, 97-2958 (La.App. 1st Cir.2/23/99), 729 So.2d 1085, writ denied, 99-0842 (La.5/14/99), 741 So.2d 661, since the hospital’s act of hiring Dr. Smith is alleged to have impacted the treatment of Mr. Williams, this action by the defendant hospital falls within the definition of medical malpractice and the provisions of La.R.S. 40:1299.39.1 apply.
For these reasons, I respectfully dissent.